EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
AGUSTIN LLERA, acusado y apelante.

No. 3251.—*Visto:* Junio 21, 1927. *Resuelto:* Julio 14, 1927.

1. DESACATO—AUTORIDAD PARA CASTIGAR Y PROCEDIMIENTOS PARA ELLO—PROCE-
   DIMIENTOS SUMARIOS—DESACATO POR 'PERJURIO EN CORTE ABIERTA—EN GE-
   NERAL.—Reproducidas, durante un juicio, manifestaciones hechas por un tes-
   tigo ante el juez instructor, después de él haber declarado lo contrario, el
   que dichas manifestaciones inconsistentes se hicieran en sitios diferentes y
   bajos distintos juramentos no impide el que se incoe un procedimiento de desa-
   cato por perjurio en corte abierta.
2. DESACATO—AUTORIDAD PARA CASTIGAR Y PROCEDIMIENTOS PARA ELLO—PROCE-
   DIMIENTOS SUMARIOS—DESACATO POR PERJURIO EN CORTE ABIERTA—ORDEN
   IMPUTANDO LA COMISIÓN DEL DELITO—ALEGACIONES—SU SUFICIENCIA.—La
   alegación—en orden imputando·al acusado la comisión del delito de desacato
   por perjurio en corte abierta—de que el acusado declaró bajo juramento fal-
   samente que cierto acusado no tenía en la mano una macana de plomo y que
   no asestó con ella varios golpes, demuestra que el acusado hizo una declara-
   ción falsa de un hecho muy pertinente en una acusación por el delito de por-
   tar armas.

SENTENCIA de *Rafael López Antongiorgi*, J. (Guayama), condenando
al acusado por desacato por perjurio cometido en corte abierta,
sin costas. *Confirmada.*

*Arcilio Alvarado,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

[1] Cuando un testigo hace ciertas manifestaciones ante
un juez instructor (*committing magistrate*), cuyas funcio-
nes en Puerto Rico realiza el fiscal, y estas manifestaciones
son reproducidas durante el juicio después del testigo ha-
ber declarado lo contrario, el hecho de que tales manifes-
taciones inconsistentes fueran hechas en sitios diferentes y
bajo distintos juramentos no impide que la corte incoe un
procedimiento de desacato por perjurio en corte abierta,
ya que la segunda declaración contiene la posibilidad de un
juramento falso y corrupto. Desde luego, debe demostrarse
que la segunda declaración es falsa y corrupta. Esto re-
suelve el primer fundamento de la excepción perentoria pre-
sentada en la corte inferior.

[2] El otro fundamento de la excepción fué que la orden

imputando al acusado la comisión del delito de desacato por perjurio en corte abierta, no demostraba que el testigo hubiese hecho anteriormente ante la corte una declaración falsa de un hecho pertinente a la acusación. La orden, entre otras alegaciones esenciales, decía que el testigo declaró bajo juramento falsamente que cierto acusado no tenía en la mano una macana de plomo y que no asestó con ella varios golpes. Estas negativas evidentemente se referían a prueba muy pertinente en una acusación por el delito de portar armas.

*No hallamos que la corte cometiera error al declarar sin lugar la excepción perentoria, por lo que la sentencia apelada debe ser confirmada.*